UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BRADLEY D. LAMPKINS, | : | Case No. 2:24-cv-3026 |
| Plaintiff, | : | |
| vs. | : | District Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Peter B. Silvain, Jr. |
| CENTER OF SCIENCE AND INDUSTRY (COSI), | : | |
| Defendant. | : | |

REPORT AND RECOMMENDATIONS[1]

Plaintiff Bradley D. Lampkins, proceeding *pro se*, brings this action against Defendant Center of Science and Industry ("COSI") alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. This matter is before the Court upon Plaintiff's Motion for Leave to File an Amended Claim (Doc. #15), Defendant's Opposition to Plaintiff's Motion for Leave to Amend His Complaint (Doc. #17), Defendant's Motion to Dismiss (Doc. #11), Plaintiff's Objections to Defense Motion to Dismiss for Failure to State a Claim (Doc. #16), and Defendant's Reply in Support of Its Motion to Dismiss (Doc. #18).

I. BACKGROUND

On May 28, 2024, Plaintiff initiated this action by filing a Complaint against Defendant COSI. (Doc. #1). Two days later, Plaintiff filed an Amended Complaint. (Doc. #3). In his Amended Complaint, Plaintiff alleges that Defendant has used a photo of him (from when he was a minor) as "a marketing tool" on its website and in its pamphlets since 2005. (Doc. #3, *PageID* #22). According to Plaintiff, although Defendant has profited from use of the photo, Defendant

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

has not provided Plaintiff any compensation. *Id.* at 23. Plaintiff alleges that he has been called the "COSI kid" for most of his life, and he "suffers daily from the name calling …." *Id.* at 25.

Plaintiff alleges that he sent Defendant a Freedom of Information Act ("FOIA") request but he did not receive a response. *Id.* at 23. He asserts that Defendant's failure to provide information "only shows that none of the documentation exist to substantiate that there was a contract between the parties or something proving the relinquishing of rights to the photos of the Plaintiff." *Id*.

According to Plaintiff, Defendant "deprived the Plaintiff of Rights to Compensation and the Breach of a Contract or lack thereof." *Id*. Further, he contends that Defendant's use of his photo "is a continuous violation of [his] Constitutional and Civil Rights." *Id*. Plaintiff asks the Court to award him $1,000,000.00 in damages. *Id.* at 26.

In July 2024, Defendant moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. #11). In its Motion, Defendant notes that COSI is owned and operated by the Franklin County Historical Society, a registered 501(C)(3) non-profit entity. *Id.* at 54. Defendant argues that Plaintiff's claim under § 1983 fails as a matter of law because Plaintiff has not plausibly alleged that Defendant acted under color of state law. *Id.* at 57. Further, Defendant contends that Plaintiff has not alleged any of the necessary elements to sustain a claim for breach of contract of under Ohio law. *Id.* at 58.

In response to Defendant's Motion, Plaintiff filed both a Motion for Leave to File an Amended Claim and "Plaintiff[']s Objections to Defense Motion …." (Doc. #s 15, 16). Plaintiff indicates that he seeks to amend his Complaint to correct three errors. (Doc. #15, *PageID* #69). First, he would like to correct Defendant's name to Franklin County Historical Society d.b.a. COSI. *Id.* at 69. Second, he would like to "possibly include" parties that Defendant mentioned

2

are not listed as Defendants and/or Plaintiffs. *Id.* at 69-70. Finally, Plaintiff asserts that he seeks to "correct" the issue of whether Defendant acted under color of state law. *Id.* at 70. Plaintiff attached a proposed (second) Amended Complaint to his Motion. (Doc. #15-2, 15-3)

Defendant opposes Plaintiff's request for leave to amend his Complaint. (Doc. #17). Defendant asserts that Plaintiff's proposed amendment does not remedy the errors in his Complaint and is therefore futile. *Id.*

## II.  DEFENDANT'S MOTION TO DISMISS

### A.  Standard of Review

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679, 129 S.Ct. 1937 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

In determining a motion to dismiss, the Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). If more than one inference may be drawn from an allegation, this Court must resolve the conflict in favor of the plaintiff. *Mayer v. Mylod*, 988 F.2d

3

635, 638 (6th Cir. 1993). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

While *pro se* parties must satisfy basic pleading requirements, *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989), their pleadings must be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Nevertheless, "even a *pro se* complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ogle v. Columbia Gas Transmission, LLC,* 513 F. App'x 520, 522 (6th Cir. 2013) (citing *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937).

**B.     Discussion**

Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. (Doc. #11). Defendant first explains that COSI is owned and operated by the Franklin County Historical Society, a registered 501(C)(3) non-profit entity. *Id.* at 54. Defendant argues that Plaintiff's claim under § 1983 fails as a matter of law because COSI is not a governmental entity and Plaintiff has not plausibly alleged that Defendant acted under color of state law. *Id.* at 57. Further, Defendant contends that Plaintiff has not alleged any of the necessary elements to sustain a claim for breach of contract of under Ohio law. *Id.* at 58.

In his opposition to Defendant's Motion, Plaintiff indicates that he was not aware that the Franklin County Historical Society owned and operated COSI because "COSI does not present any information to the public that they are owned and operated by another company …." (Doc.

4

#16, *PageID* #s 102-03). However, Plaintiff asserts that his Complaint should not be dismissed because COSI is owned and operated by a "State Entity." *Id.* at 104.

        *i.*       *Plaintiff § 1983 Claim*

Section 1983 prohibits any person "under color of any statute, ordinance, regulation, custom, or usage, of any State" from depriving a United States citizen "of any rights, privileges, or immunities secured by the constitution and laws." 42 U.S.C. § 1983. Section 1983 is a remedial statute which does not create independent substantive legal rights on its own, but simply provides a vehicle by which a person may impose civil liability on state actors for violation of rights secured to the individual by federal law. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To prevail on a § 1983 claim, a plaintiff must demonstrate that: (1) he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of law. *Robertson v. Lucas*, 753 F. 3d 608, 614 (6th Cir. 2014) (citing *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971)).

Private parties can act under color of state law if their conduct is "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744 (1982); *see also Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000). The Sixth Circuit recognizes four tests to determine whether private conduct is attributable to the state: "(1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test." *Marie v. American Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014). The public function test requires that a private entity "exercise powers which are traditionally reserved to the state, such as holding elections ... or eminent domain." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (internal citations omitted). The state compulsion test is met if a state exercises "such coercive power or provide[s] such significant encouragement, either overt or covert, that in law the choice of the

5

private actor is deemed to be that of the state." *Id.* (citations omitted).  Under the symbiotic relationship or nexus test, a private party's actions constitute state action "when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Id.* (citations omitted). Finally, to satisfy the entwinement test, the private entity must be "entwined with governmental policies" or the government must be "entwined in [the private entity's] management or control." *Marie*, 771 F.3d at 363–64 (citation and quotation marks omitted)

In this case, Plaintiff has failed to state a claim for relief against Defendant COSI under § 1983.  Defendant COSI is a private actor, and Plaintiff has not alleged facts that show its actions are fairly attributable to the state.  Specifically, the public function test is not satisfied because COSI was not performing a function traditionally reserved to the state. The state compulsion test is not satisfied because there are no facts to suggest the state exercised any overt or covert power over COSI.  The symbiotic relationship or nexus test is not satisfied as Plaintiff has not alleged that the state is "intimately involved in the challenged private conduct …." *Wolotsky*, 960 F.2d at 1335.  Finally, the entwinement test is not satisfied because Plaintiff has not alleged that COSI is entwined with governmental policies or that the government is entwined with COSI's management or control.  Therefore, because Plaintiff has failed to allege sufficient facts to show that COSI acted under the color of state law, the undersigned recommends that Plaintiff's § 1983 claims against COSI be dismissed.

      ii.    *Plaintiff's State Claims*

To the extent that Plaintiff alleges a breach of contract claim—or any other state law claim—against Defendant COSI, the undersigned recommends that the Court decline to exercise supplement jurisdiction over such claims pursuant to 28 U.S.C. § 1367.  *See* 28 U.S.C. § 1367(c)(3)

6

(providing that a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction.").

## III. PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED CLAIM

### A. Standard of Review

Rule 15(a) of the Federal Rules of Civil Procedure provides that a complaint may be amended once as a matter of course within 21 days of service of responsive pleadings. Fed. R. Civ. P. 15(a)(1). Additional amendments to a complaint require the Court's permission or the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). The grant or denial of a motion to amend under Fed. R. Civ. P. 15(a) is within the discretion of the trial court, and leave to amend a complaint should be liberally granted. *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *Foman*, 371 U.S. at 182, 83 S.Ct. 227); *see also Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). As noted above, in order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, (2009).

### B. Discussion

As noted above, Plaintiff first filed his Complaint on May 28, 2024. (Doc. #1). Two days later, Plaintiff filed an Amended Complaint. (Doc. #3). Plaintiff explained that after his Complaint

was filed, the law clerks in the prison's law library informed him that the heading was incorrect and needed to be changed. (Doc. #15, *PageID* #68). He alleges that he made the changes to the heading and refiled the Complaint. *Id.*; *see* Doc. #3. According to Plaintiff, he was "unaware that filing a correction would possibly go against his ability to file an amended claim as a matter of course …." (Doc. #15, *PageID* #69).

Defendant, however, asserts that Plaintiff made more changes than simply the heading. Defendant correctly notes that Plaintiff included additional background information related to Plaintiff's belief that he is known as the "COSI kid" and removed all previous exhibits. (Doc. #17, *PageID* #109 n.1) (citing Doc. #1, *PageID* #6; Doc. #3, *PageID* #7). Thus, the undersigned finds that Plaintiff amended his Complaint once as a matter of course under Fed. R. Civ. P. 15(a)(1). As Plaintiff already filed an Amended Complaint (Doc. #3), he is only permitted to amend his complaint with Defendant's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).

The claims in Plaintiff's proposed Second Amended Complaint are similar to those in his Amended Complaint (Doc. #3). Namely, Plaintiff brings claims pursuant to 42 U.S.C. §1983 for violations of his civil rights. (Doc. #15-2, *PageID* #88). However, in Plaintiff's proposed second Amended Complaint, he recognizes that Franklin County Historical Society owns and operates COSI and identifies the Defendant as Franklin County Historical Society d/b/a COSI. (Doc. #15-2, *PageID* #87, 96). Additionally, Plaintiff asserts that under the entwinement test, COSI constitutes a state actor. (Doc. #15-2, *PageID* #96).

Defendant opposes Plaintiff's Motion, asserting that Plaintiff's amendments are futile because COSI is not a state actor and does not operate under the color of state law. (Doc. #17, *PageID* #108). Defendant emphasizes that Franklin County Historical Society is a *private* non-profit corporation. *Id.* at 110.

8

As explained above, to satisfy the requirements of the entwinement test, Plaintiff must show that Defendant is "entwined with governmental policies" or the government is "entwined in [the private entity's] management or control." *Marie*, 771 F.3d at 363 (citation and quotation marks omitted). According to Plaintiff, "Franklin County is a governmental entity that belongs to that of Ohio" and, therefore, "COSI is owned and operated by a county entity, regulated by the State." (Doc. #15-2, *PageID* #96). Plaintiff's allegation appears to be based on his mistaken belief that the Franklin County Historical Society is the same entity as Franklin County. *See id.* However, Franklin County Historical Society is a *private* non-profit corporation, not a governmental entity. *See* Business Search, Ohio Secretary of State https://businesssearch.ohiosos.gov?=businessDetails/209575 (last visited Dec. 11, 2024).[2] As such, Plaintiff has failed to plausibly allege that the Franklin County Historical Society d/b/a COSI is entwined with governmental policies or that the government is entwined with Franklin County Historical Society d/b/a COSI's management or control.

Therefore, Plaintiff's attempt to amend his Complaint to add Franklin County Historical Society d/b/a COSI as a defendant is futile because he fails to plausibly allege that Defendant acted under color of state law, as required to state a claim under § 1983. Accordingly, the undersigned recommends that Plaintiff's Motion for Leave to File an Amended Claim (Doc. #15) be denied.

---

[2] When considering a motion to dismiss, "a court … '*may* consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.'" *Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017) (quoting *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)). Information available through the Ohio Secretary of State is a public record. *Engle v. UHaul*, 208 F. Supp. 3d 844, 849 (S.D. Ohio 2016) (citing *E.E.O.C. v. Jeff Wyler Eastgate, Inc.*, No. 1:03CV662, 2006 WL 2785774, at *3 (S.D. Ohio Jan. 9, 2006); *see also Malibu Media, LLC v. Steiner*, 307 F.R.D. 470, 474 (S.D. Ohio 2015) (holding that "the Court may take judicial notice of [a] registration with the Ohio Secretary of State without converting [a Rule 12] motion into one for summary judgment, as the registration is a public record")).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Motion for Leave to File an Amended Claim (Doc. #15) be **DENIED**;

2. Defendant's Motion to Dismiss (Doc. #11) be **GRANTED**;

3. Plaintiff's claims under 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**;

4. The Court decline to exercise supplement jurisdiction over Plaintiff's state law claim(s) pursuant to 28 U.S.C. § 1367; and

5. Plaintiff's state law claim(s) be **DISMISSED WITHOUT PREJUDICE**.

December 18, 2024

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge